## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| **JODY LEE MILLS,** | : | |
| | : | **Civil Action Number:** 4-13-cv-487 (CDL) |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **COMMUNICORP, INC.,** | : | |
| | : | |
| **Defendant.** | : | |

## COMPLAINT

Plaintiff Jody Lee Mills, by and through undersigned counsel and pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.,* (hereafter "the FLSA"), bring this Complaint against Defendant Communicorp, Inc. (hereafter "Communicorp") to recover due but unpaid overtime compensation and liquidated damages, pre-judgment interest, his costs of litigation including his reasonable attorneys' fees, and for other relief on the grounds set forth herein and shows the Court as follows:

## JURISDICTION AND VENUE

1.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b),

- 1 -

28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

2.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Communicorp is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**THE PARTIES**

3.

Plaintiff resides in Russell County, Alabama.

4.

Communicorp employed Plaintiff as a Senior Press Technician in and around Columbus, Georgia from June 1991 until June 27, 2013.

5.

At all times material hereto, Plaintiff was an "employee" of Communicorp as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

6.

From on or about October 2010 until June 27, 2013, Plaintiff was "engaged in commerce" as an employee of Communicorp as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

7.

From on or about October 2010 until June 27, 2013, Plaintiff was engaged in the "production of goods for commerce" as an employee of Communicorp as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

8.

Communicorp is a corporation organized under the laws of the State of Georgia.

9.

At all times material hereto, Communicorp was an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

10.

From on or about October 2010 until June 27, 2013, Communicorp was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

11.

During 2010, Communicorp had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

12.

During 2011, Communicorp had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

13.

During 2012, Communicorp had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

14.

During 2013, Communicorp had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

15.

During 2010, Communicorp had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

16.

During 2011, Communicorp had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

17.

During 2012, Communicorp had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

18.

During 2013, Communicorp had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

19.

At all times material hereto, Communicorp had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

20.

At all times material hereto, Communicorp has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

21.

Communicorp is subject to the personal jurisdiction of this Court.

22.

Communicorp may be served with process through its registered agent Joey M. Loudermilk, 1932 Wynnton Road, Columbus, GA 31999.

23.

At all times material hereto, Communicorp, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any legally recognized exemption.

24.

At all times material hereto, Communicorp did not employ Plaintiff in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

25.

At all times material hereto, Communicorp did not employ Plaintiff in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

26.

At all times material hereto, Communicorp did not employ Plaintiff in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

27.

At all times material hereto, Communicorp did not employ Plaintiff in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

28.

At all times material hereto, Communicorp scheduled Plaintiff's working hours so that Plaintiff normally worked more than forty (40) hours in a work week, every other work week.

29.

At all times material hereto, Communicorp regularly and customarily applied hours worked by Plaintiff  in excess of forty (40) hours to work weeks wherein Plaintiff worked less than forty (40) hours.

**FAILURE TO PAY OVERTIME**

30.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

31.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

32.

During his employment with Defendant, Plaintiff regularly worked in excess of forty (40) hours per week.

33.

Defendant failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from October 2010 through June 27, 2013.

34.

Defendant willfully failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from October 2010 through June 27, 2013.

35.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

36.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff  is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

37.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff  is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1.   That Plaintiff be awarded an amount to be determined at trial against Defendant in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages and pre-judgment interest thereon;

2.   That Plaintiff be awarded costs of litigation, including his reasonable attorneys' fees from Defendant; and

3.   For such other and further relief as the Court deems just and proper.

Respectfully submitted,


DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC


3100 CENTENNIAL TOWER            /s/CHARLES R. BRIDGERS
101 MARIETTA STREET              CHARLES R. BRIDGERS
ATLANTA, GEORGIA 30303           GA. BAR NO. 080791
(404) 979-3150
(404) 979-3170 (f)               /s/ KEVIN D. FITZPATRICK, JR.
kevin.fitzpatrick@dcbflegal.com  KEVIN D. FITZPATRICK, JR.
charlesbridgers@dcbflegal.com    GA. BAR NO. 262375

                                 COUNSEL FOR PLAINTIFF